UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth Hall,<br><br>    Plaintiff,<br>vs.<br><br>Guardian Life Insurance Company of America,<br><br>    Defendants. | Case No. 0:17-cv-3354<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendants, states and alleges:

   1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

   2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Guardian Life Insurance Company of America may be found in this district. In particular, Guardian Life Insurance Company of America is registered as a corporation with the State of Minnesota, conducts ongoing

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

1

business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.  On information and belief, Defendant Little Colorado Behavioral Health Centers, Inc. is the employee benefit plan ("Plan") that Little Colorado Behavioral Health Centers, Inc. created and maintains to provide its employees with income protection should they become disabled.

4.  On information and belief, Defendant Guardian Life Insurance Company of America is a corporation organized and existing under the laws of the State of New York, and is the insurer and claims administrator for the Plan.

5.  Plaintiff is a resident and citizen of the United States, an employee of Little Colorado Behavioral Health Centers, Inc. and a participant in the Plan.

6.  As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.  On information and belief, Plaintiff was covered at all relevant times under group disability policy number G-00421670 which was issued by Guardian Life Insurance Company of America to Little Colorado Behavioral Health Centers, Inc. to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Guardian Life Insurance Company of America both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Guardian Life Insurance Company of America has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Guardian Life Insurance Company of America's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10.     The Plan is an ERISA welfare benefit plan.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

13.     Plaintiff became disabled under the terms of the Plan's policy on or about 10/25/2012 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. Plaintiff submitted a timely claim to Guardian Life Insurance Company of America for disability benefits.

~~15.~~ Guardian Life Insurance Company of America granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until March 9, 2015 when Guardian Life Insurance Company of America cancelled Plaintiff's disability benefits. Plaintiff appealed Guardian Life Insurance Company of America's decision, and additional benefits were paid through October 22, 2015. Plaintiff filed a further appeal, which Guardian Life Insurance Company of America denied on March 31, 2017.

16. Plaintiff provided Guardian Life Insurance Company of America with substantial medical evidence demonstrating she was eligible for disability benefits.

17. Guardian Life Insurance Company of America's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Guardian Life Insurance Company of America relied on the opinion of a medical professionals who were financially biased by their relationship with Guardian Life Insurance Company of America and as such unable to offer an unbiased opinion;

    b. Guardian Life Insurance Company of America relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    c. Guardian Life Insurance Company of America ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    d. Guardian Life Insurance Company of America ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

18. Guardian Life Insurance Company of America abused its discretion in denying Plaintiff's claim.

19. The decision to deny benefits was wrong under the terms of the Plan.

20. The decision to deny benefits was not supported by substantial evidence in the record.

21. Guardian Life Insurance Company of America's failure to provide benefits due under the Plan constitutes a breach of the Plan.

22. Guardian Life Insurance Company of America's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from October 22, 2015 to the present. Plaintiff will continue to be

deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

23.     Guardian Life Insurance Company of America's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

24.     A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Guardian Life Insurance Company of America to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Pre-judgment and post-judgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: July 26, 2017                    RESPECTFULLY SUBMITTED,

By: /s/ Patrick Kramer

Patrick Kramer (MN Bar # 0396875)
Kristen Gyolai (MN Bar # 0395392)
Stephen Fields (MN Bar # 0276571)
**FIELDS LAW FIRM**
701 Washington Avenue North, Suite 300
Minneapolis, MN 55401
Office: 612-370-1511
Patrick@Fieldslaw.com
Kristen@Fieldslaw.com
Steve@Fieldslaw.com

*Attorneys for Plaintiffs*